UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.: 8:15-CV-1852-T-35AEP

UNITED STATES OF AMERICA,    )
       )
      Plaintiff,    )
       )
vs.       )
       )
       )   **PLAINTIFF'S MOTION FOR**
ANDREW P. BOURDEAU,    )   **SUMMARY JUDGMENT AND**
       )   **MEMORANDUM OF LAW**
      Defendant.    )

      Plaintiff, the United States of America, (the "United States"), by and through its undersigned counsel, Steven M. Davis, Private Counsel to the United States for the MIDDLE DISTRICT OF FLORIDA, hereby moves this Court, pursuant to Rule 56 (a), Federal Rules of Civil Procedure, for entry of summary judgment in favor of the United States and against the defendant in the full amount set forth in the Complaint.  In support of this motion Plaintiff submits this Memorandum of Law, the Declaration of Christian Lee Odom, Loan Analyst for the United States Department of Education and a Statement of Material Facts.

## I.  INTRODUCTION

      This is an action by the United States, on behalf of the U.S. Department of Education, against Defendant, to recover on defaulted student loans from Chase Manhattan for Account No. 2011A68355 and Citizens and Southern for Account No. 2011A68353. The loan obligation was guaranteed by the State of Florida, Department of Education Office of Student Financial Assistance, and then reinsured by the Department of Education under programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The

United States seeks money damages in the amount owed on these federally guaranteed student loans.

## II.  STATEMENT OF UNDISPUTED FACT

A complete statement of facts is set forth in the declaration of Christian Lee Odom ("Dec.") the Loan Analyst for the Department of Education which is filed herewith. Defendant, Andrew P. Bourdeau, obtained student loans in the amount of $742.25 for Account No. 2011A68355 and $2,804.51 for Account No. 2011A68353, under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965 for the cost of his education, Exhibit "A" and "B".

Pursuant to the promissory note executed by Defendant, Defendant defaulted on his payment obligation on April 3, 1993. The holder demanded payment according to the terms of the promissory note, and credited $0.00 to the principal owed on the loan.

A total of $9.91 in credits and/or payments including Treasury Department Offsets for Account No. 2011A68355 and $40.09 in credits and/or payments including Treasury Department Offsets for Account No. 2011A68353 were applied since the loans were assigned to the Department of Education. The balance owed is indicated below:

| Claim number | Interest rate | Principal | Interest | Total |
|---|---|---|---|---|
| 2011A68355 | 3.54% | $742.25 | $933.00 | $1,675.25 |
| 2011A68353 | 8.00% | $2,804.51 | $4,885.27 | $7,689.78 |
| **Sub Total** | | **$3,546.76** | **$5,818.27** | **$9,365.03** |
| Attorney Fees | | | | $980.00 |
| Service and Travel | | | | $85.00 |
| **Total** | | | | **$10,430.03** |

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

The "Collection Costs Late Charges" section of the Promissory Note (Exhibit "D"), states:

"I the undersigned student-borrower identified above, PROMISE TO PAY to the order of my lender or to a subsequent holder of the Promissory Note, the principal sum of $2,625.00 or amount advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest and any other charges which may become due as provided for in this Note…" Signed 12/3/1991

"I the undersigned student-borrower identified above, PROMISE TO PAY to the order of my lender or to a subsequent holder of the Promissory Note, the principal sum of $2,625.00 or amount advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest and any other charges which may become due as provided for in this Note…" Signed 1/20/1992

"I agree to pay the following amounts if delinquent in making payments when due or if this Promissory Note is declared in default… 2) Costs that are permitted by Federal and State Laws and are necessary for collection of any overdue amount. The costs may include attorney's fees, court costs and costs of telegrams and long distance telephone calls…" Section: Late Charges and Collection costs.

The loan obligation was made by the State of Florida, Department of Education Office of Student Financial Assistance, and then reinsured by the Department of Education under Title IV-B, of the Higher Education Act of 1965, Exhibit "A". Under the Higher Education Act of 1965, 20 U.S.C §1071 et seq., (the "Act"), the Government is entitled to attorney's fees. The Act provides that in addition to the terms of any promissory note, "a borrower who has defaulted on a [student] loan shall be required to pay… reasonable collection costs." 20 U.S.C. § 1091a(b)(1); United States v. Vilus, 419 F. Supp. 2d 293, 296-97(E.D.N.Y. 2005). One of the statute's implementing regulations specifies that "[i]f a borrower defaults… the Secretary [i.e., the Government] assesses collection costs on the basis of 34 C.F.R 30.60." 34 C.F.R. § 685.202(e)(2). In turn, 34 C.F.R. § 3060 provides that the Government "may charge a debtor for the costs associated with the collection of a particular

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

debt [i.e., a defaulted student loan]. These costs include…[c]ourt costs and attorney fees." 34 C.F.R § 30.60(a)(8).

Thus, under 20 U.S.C § 1091 a(b)(1), and its implementing regulations, the Government here is entitled to attorney's fees. See United States v. Puerto, No. 12-24194- Civ-Graham/Goodman, ECF No. 17 (S.D. Fla. Sept. 9, 2013), report and recommendations adopted, No. 12-24194-Civ-Graham/Goodman, ECF No. 19 (S.D. Fla. Sept. 23, 2013); United States v. Cafolla, No. 5:12-CV-0127 GTS/DEP, 2012 WL 2469968 (N.D.N.Y. June 27, 2012) (stating that the legal basis for the Government's entitlement to attorney's fees is 34 C.F.R. § 30.60(a)(8), but declining to award the Government attorney's fees because it did not submit any evidence substantiating its attorney time or rate).

### III. ARGUMENT

A. The United States of America Is Entitled
To Judgment as a Matter of Law.

Summary judgment is proper if the record before the Court shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing by reference to materials on file that there are no genuine issues of material fact to be decided at trial. When that burden is met, the burden shifts to the non-movant to demonstrate that there is a material issue of fact which would preclude a summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

248 (1986).  The facts in dispute must be **critical** to the outcome of the case and the dispute must be

**"genuine,"** such that the evidence could support a verdict in favor of the non-moving party.  Id. at

248 (emphasis added).

In a suit to enforce a promissory note, where the claimant establishes, through pleadings,

exhibits and affidavits, the existence of the note, the borrower's default, and the amount due under

the note, the claimant has established a prima facie case.  The burden then shifts to the borrower to

show that the amount alleged to be due is not owing.  United States v. Irby, 517 F.2d 1042, 1043 (5th

Cir. 1975).[1]  In the absence of such proof, summary judgment in favor of the claimant is appropriate.

Id.

Due to the relative simplicity of the issues involved, actions to enforce promissory notes are

among the most suitable classes of cases for disposition by summary judgment.  Colony Creek, Ltd.

v. Resolution Trust Corp., et al., 941 F.2d 1323, 1325 (5th Cir. 1991) citing Lloyd v. Lawrence, 472

F.2d 313, 316 (5th Cir. 1973); FDIC v. Cardinal Oil Well Servicing Co.,837 F.2d 1369, 1371 (5th

Cir. 1988).

The material facts in this case are not in dispute.  Andrew P. Bourdeau executed the

Promissory Note which is the subject of this action.  The amount due on the note has not been paid.

Defendant has not raised any meritorious defenses and plaintiff is entitled to summary judgment.

### B. Defendant Has Failed to
### Raise a Valid Defense

Defendant applied for a student loan for the cost of her education.  Defendant obtained the

money and failed to repay it.  The declaration of Christian Lee Odom, Loan Analyst with the U.S.

---

[1] Cases decided by the Fifth Circuit prior to October 1, 1981 are binding in the Eleventh Circuit.  See
Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

Department of Education filed herewith demonstrates that Andrew P. Bourdeau defaulted on his payment obligation on April 3, 1993.  Defendant obtained student loans in the amount of $742.25 for Account No. 2011A68355 and $2,804.51 for Account No. 2011A68353.  A Defendant "may not rest upon the mere allegation or denial of his pleading but . . . must set forth specific facts showing that there is an issue for trial." <u>Anderson</u>, 477 U.S. at 248. Here defendant must produce evidence of payment.  Plaintiff has demonstrated that defendant received the loans and failed to repay it.  The amount demanded is still due and owing.  Plaintiff has the right to recover the amount due.

## IV. <u>CONCLUSION</u>

Plaintiff has demonstrated that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  Defendant has not raised any valid affirmative defenses. Therefore, this Court should grant summary judgment in favor of the United States and enter Judgment against the defendant, Andrew P. Bourdeau, in the following amounts:

| Claim number | Interest rate | Principal | Interest | Total |
|---|---|---|---|---|
| 2011A68355 | 3.54% | $742.25 | $933.00 | $1,675.25 |
| 2011A68353 | 8.00% | $2,804.51 | $4,885.27 | $7,689.78 |
| **Sub Total** | | **$3,546.76** | **$5,818.27** | **$9,365.03** |
| Attorney Fees | | | | $980.00 |
| Service and Travel | | | | $85.00 |
| **Total** | | | | **$10,430.03** |

Respectfully submitted,

By: _____
       Steven M. Davis

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by Regular US

Mail on 21 day of December, 2015 to Andrew P. Bourdeau, 2601 Holly Hill Grove Road,

Davenport, FL 33837.

                _____
                Steven M. Davis, Esq.
                Florida Bar No. 894249
                Email: sdavis@becker-poliakoff.com
                Becker & Poliakoff, P.A.
                121 Alhambra Plaza, 10th Floor
                Coral Gables, FL 33134
                Telephone: (305)262-4433
                Facsimile: (305) 442-2232
                Attorneys for Plaintiff United States of America

ACTIVE: 7930305_1
12/9/15 3:43 PM

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 2

ANDREW P. BOURDEAU

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 12/08/2015

On or about 01/20/1992, the BORROWER executed promissory note(s) to secure loan(s) of $775.00 from Chase Manhattan. This loan was disbursed for $775.00 on 05/25/1992 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Florida Department of Education OSFA, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $77.99 to the outstanding principal owed on the loan. THE BORROWER defaulted on the obligation on 04/03/1993, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $742.25 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 12/02/1999, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $9.91 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $742.25 |
| Interest: | $933.00 |
| Total debt as of 12/08/2015: | $1,675.25 |

Interest accrues on the principal shown here at the current rate of 3.5400 % and a daily rate of $0.07 through June 30, 2016, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: December 8, 2015

Christian Lee Odom
Senior Loan Analyst
Litigation Support Unit



EXHIBIT
A

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS #2 OF 2

ANDREW P. BOURDEAU

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 12/08/2015.

On or about 12/03/1991, the BORROWER executed promissory note(s) to secure loan(s) of $2,625.00 from Citizen's And Southern. This loan was disbursed for $2,625.00 on 05/25/1992 at 8.000% interest per annum. The loan obligation was guaranteed by Florida Department of Education OSFA, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 04/03/1993, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,804.51 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 12/02/1999, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $40.09 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $2,804.51 |
| Interest: | $4,885.27 |
| Total debt as of 12/08/2015: | $7,689.78 |

Interest accrues on the principal shown here at the rate of $0.61 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on:  December 8, 2015

Christian Lee Odom
Senior Loan Analyst
Litigation Support Unit

EXHIBIT

B

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

ANDREW P. BOURDEAU,

          Defendant.

CIVIL ACTION

CASE NO.: 8:15-CV-1852-T-35AEP

## DECLARATION OF ATTORNEY'S FEES

**STATE OF FLORIDA**       )
                         : *ss*
**COUNTY OF MIAMI-DADE**   )

      BEFORE ME, the undersigned authority, personally appeared Steven M. Davis who after being

duly sworn, deposes and says:

        1.  The undersigned is counsel for the Plaintiff herein and has personal knowledge of the

facts contained in this Affidavit.

        2.  That he has expended time associated with the Motion for Entry of Default Judgment,

was the timekeeper for same, and seeks an award of attorney's fees for work done as follows:

| | |
|---|---|
| Review of documents prior to suit | 0.5 hr. |
| Preparation of Correspondence to the Defendant | 0.5 hr. |
| Preparation and review of Complaint | 1.0 hr. |
| Order regulating processing of civil recovery actions | 0.2 hr. |
| Review Notice of Designation | 0.2 hr. |
| Review and Preparation of Executed Return of Service | 0.2 hr. |
| Review Defendant's Answer | 0.5 hr. |
| Preparation of Motion for Summary Judgment | 1.0 hr |



EXHIBIT

C

| | |
|---|---|
| Preparation of Abstract | 0.3 hr. |
| Preparation of Interrogatories and Request for Production in Aid of Execution | 0.5 hr. |
| Total amount of time spent: | 4.9 hrs |

3. Plaintiff's counsel is entitled to attorney's fees pursuant to contract.

4. The undersigned has fully reviewed the time records and supporting data and this Motion is well grounded in fact and justified.

5. Plaintiff's counsel has attempted to resolve this matter with the Defendant; however the parties are unable to resolve this issue.

6. The undersigned's usual and customary fee is $200.00 per hour.

7. Based on the hours expended, and the undersigned's usual and customary fee, a reasonable award of attorney's fees is requested in the amount of $980.00.

8. The Plaintiff does not request a hearing on this matter at this time.

FURTHER AFFIANT SAYETH NAUGHT.



_____
**Affiant's Signature**

_____
NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:
ACTIVE: 7930271_1

CARLOS A. GARCIA
MY COMMISSION # EE 204240
EXPIRES: July 7, 2016
Bonded Thru Notary Public Underwriters

**...TION/PROMISSORY NOTE FOR A FLORIDA STAFFORD LOAN**

WARNIN...  ...be repaid. Failure to honor its repayment terms may result in Default. Any person who knowingly makes a false statement ... this form is subject to penalties under state and federal codes.

## I-BORRO...  — COMPLETED BY STUDENT —   PRINT OR TYPE ALL ENTRIES

| 1. Social Security Number | 2. Last name | | | |
|---|---|---|---|---|
| | BOURDEAU | First | ANDREW | Middle Initial P. |

| 3. Date of Birth | 4. Permanent Home Address |
|---|---|
| | |

| 5. Area Code-Phone No. for Item 4 | City | State | Zip code |
|---|---|---|---|

**6. U.S. Citizenship (See instructions)**
- a. U.S. Citizen or National  [X]
- b. Permanent Resident or Eligible Non-Citizen
  (Alien Registration Number) _____

**7. State of Permanent Residence**
State: FLORIDA   Since: 03 / 73  MO / YR

**8. Have you ever DEFAULTED on any educational loan or do you owe a refund on any federal/state educational grant?**  Yes [ ]  No [X]
If yes, list details and attach all repayment arrangements to this application.

**9. REFERENCE REQUIREMENT-All references must be in the United States and be at different addresses.**

A. Parent or Guardian: Lorraine Caldwell    Address _____

B. Other Adult Relative: Peter Bourdeau    ...ployer Nurse Kissimmie Heal...  Address #520... Self-Employed ...  

C. Other Adult: Andy Buscemi    Address _____

**10. Enter the total amount you owe on all your Stafford, GSL, FISL loans.**
Stafford/GSL/FISL Outstanding Loans: (see instructions) Prior to July 1, 1987? Yes [ ] No [ ]  -0-
...207  Prior to July 1, 1988?  Yes [ ] No [ ]

**11. Most Recent Stafford Loan...**
Name of Lender _____   Period: From ___ / ___ To ___ / ___  Amount owed _____
Address _____   Interest Rate:  7% [ ]  8% [ ]  9% [ ]  8/10% [ ]

| 12. Enrollment Period Covered by This Loan | 13. Intended Enrollment Status | 14. Name of Lender Who Will Process this Loan |
|---|---|---|
| From 11/91  To 08/92  MO YR | ...0 0 8 9 7 2 0 0  Full Time [X]  Half Time or Less Than Full Time [ ] | Citizen's And Southern |

## PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN

**I. Promise To Pay -** I, the undersigned student-borrower identified above, PROMISE TO PAY to the order of my lender or to a subsequent holder of the Promissory Note, the principal sum of

15. $ 2625 .00
Requested Loan Amount - Must Be Numeric

or amount advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest and any other charges which may become due as provided for in this Note. My signature certifies that I have read, understand and agree to the conditions and authorizations stated in the "BORROWER CERTIFICATION" on the reverse side of this note.

NOTICE TO BORROWER: Terms of the Promissory Note continue on the reverse side.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE. THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

16. SIGNATURE OF BORROWER   *Andrew P. Bourdeau*   DATE 5-23-91

17. ENDORSER (LENDER OPTION) _____   DATE _____
Street Address _____   S.S.N. _____
City _____ State _____ Zip _____ Phone _____

## II-SCHOOL SECTION — COMPLETED BY FINANCIAL AID OFFICER   PRINT OR TYPE ALL ENTRIES

| 18. School Code | 20. Name and Address of School | 21. Grade Level | 22. Anticipated Completion Date | 23. Adjusted Gross Income |
|---|---|---|---|---|
| 022187 | Florida Technical College  1819 N. Semoran Blvd.  Orlando, FL  32807 | ...1 | 10 / 93  MO YR | -0- |

19. Area Code/Phone No. ( 407 )678-5600

| 24. Enrollment period covered by Loan | 28. Estimated Cost of Attendance | 32. | DISBURSEMENT DATES | | | SCHEDULE AMOUNTS |
|---|---|---|---|---|---|---|
| MO DAY YR | $ 14466 .00 | | Mo. | Day | Yr. | |
| From 11/25/91 To 08/22/92 | 29. Expected Family Contribution $ 1326 .00 | #1 | 12 | 30 | 91 | $ 875 .00 |
| 25. Beginning Date of Second School Term Covered by Loan Period 03/02/92 MO DAY YR | 30. Estimated Financial Aid for Loan Period $ 2400 .00 | #2 | 02 | 24 | 92 | $ 875 .00 |
| 26. Dependency Status  Dependent [ ]  Independent [X] | 31. Unmet Need $ 10740 .00 | #3 | 05 | 25 | 92 | $ 875 .00 |
| 27. Cumulative Grade Point Average 2.0 of 4.0 | | #4 | | | | $ .00 |
| | | | | TOTAL OF DISBURSEMENTS | | $ 2625 .00 |

My signature certifies that I have read and agreed to the conditions given in the Educational Institution Certification printed on the REVERSE of this application.

33. *Lynn M. Borges*  Signature of Authorized School Official

Lynn M. Borges, Financial Aid Director
Print or Type Name and Title

34. Date 11/18/91

## III-LENDER SECTION — COMPLETED BY LENDER   PRINT OR TYPE ALL ENTRIES

| 35. Lender Code | 37. Name and Address | 38. Loan Disbursement Date(s) | | | Loan Disbursement Amts |
|---|---|---|---|---|---|
| 8023/8 | C/S  P.O. Box 2730  Panama City FL 32402-2730 | Mo. | Day | Yr. | |
| 36. Area Code/Phone No. ( 800 ) 828-0290 | | #1  12 | 30 | 91 | $ 875 .00 |
| 40. MATTHEW WEISS ORIGINATIONS ANALYST | | #2  2 | 24 | 92 | $ 875 .00 |
| Signature of Authorized lending Official  Print or Type Name and Title  Date 12/27/91 | | #3  5 | 25 | 92 | $ 875 .00 |
| | | #4 | | | $ .00 |
| | | TOTAL AMOUNT LENDER APPROVES | | | $ 2625 .00 |

39. Check Interest Rate  7% [ ]  8% [ ]  9% [ ]  8/10% [X]

...P Standard Form - 1  6/90   **LENDER COPY**

BEST COPY AVAILABLE AT TIME OF IMAGING

**EXHIBIT**
tabbies  **D**

## ADDITIONAL TERMS OF THE PROMISSORY NOTE FOR A SUPPLEMENTAL LOANS FOR STUDENTS (SLS) LOAN

**II. Date Note Comes Due** I will repay this loan: 1) in periodic installments beginning no later than 60 days after the loan is fully disbursed; but in no event later than 60 days after the student ceases at least half-time study; or 2) immediately if I... the entire unpaid principal ... interest I agree to pay an amount equal to the accrued and unpaid principal balance ... the note is payable in full. The ... is declared due ... note qualifies ... Notice of ... to the OFFICE OF STUDENT ... you provide to me.

You may add any interest that is due prior to the day my first payment of principal is due, or any interest that is not paid when due or any interest that accrues during deferment periods indicated in Deferment, Paragraph VIII, to the unpaid balance of this loan in accordance with ...

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if: 1) any payment has not reached you within the number of days after it is due as specified in the Repayment Schedule, or I fail to meet the terms of the Application/Promissory Note under circumstances where you find it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that my failure persists for (a) 180 days if I pay in monthly installments; or (b) 240 days if I repay in less frequent installments; or 2) I fail to notify you of a change in my name, address or school enrollment status within 10 days; or 3) I break any of my other promises under this agreement; or 4) I make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default on this loan: 1) The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable to the lender, holder, or Florida Department may disclose to schools I have attended (or am currently attending) information about the default; 3) I will be ineligible for assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins (formerly called National Direct Student Loans), Stafford Loans (formerly Guaranteed Student Loans), Supplemental Loans for Students, PLUS Loans or Consolidated Loans; 4) I will be ineligible for the benefits described under Paragraph VIII. Deferment.

**VI. Late Charges and Collection Costs** I agree to pay the following amounts if: 1) in making payments when due or if this Promissory Note is declared in default: A late charge not to exceed 6 cents for each dollar of any installment payment not received by lender within ten (10) days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Paragraph VIII of this Promissory Note; 2) Costs that are permitted by Federal and State laws and are necessary for the collection of any overdue amount. The costs may include attorney's fees, court costs, and telegrams and long-distance telephone calls; 3) Collection costs which do not exceed 30 percent of the unpaid principal and accrued interest if this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for education expenses at the school certifying my application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Any failure to enforce or insist that I comply with any term of this Note is not a waiver of my rights. No provisions of this Note can be waived or modified except in writing. 3) If the Florida Department of Education is required under its guarantee to repay my loan after I have defaulted, the Florida Department of Education will become the owner of this loan as my creditor will have all the rights of the original lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. If I am unable to make the scheduled payments for reasons I believe reasonable, I may be eligible for forbearance as provided for in the SLS Loan Program regulations at the discretion ...

**VIII. Deferment** You will let me pay interest only and let me defer making principal payments on this note if I am not in default and I can provide you with written evidence that I qualify for a Supplemental Loans for Students (SLS) program deferment under Title IV, Part B of the Higher Education Act of 1965, as amended.

**IX. Repayment** I will repay the total amount due on this Promissory Note in periodic installments, with interest at the rate indicated in Interest, Paragraph III, on the unpaid balance from the due date of this Promissory Note until the loan is paid in full. Prior to the due date of this Promissory Note, you will send to me a Repayment Schedule which allows the particular repayment terms, including the beginning due date, that will become part of this Promissory Note. The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due. Any deferment period granted under Paragraph VIII Deferment or any period for which you grant forbearance will not be included in determining the 5- and 10- year periods mentioned above. At my option I may agree to a repayment period that is shorter than 5 years. I may at a later time have the repayment period extended so that the total repayment period is not less than 5 years; provided, however, my total payments for any year of the repayment period on all my loans under the Stafford Loan Program [formerly Guaranteed Student Loan Program (GSLP)], the PLUS Program, or The Supplemental Loans for Students Program under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address which you provide to me.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the unpaid principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder, or guarantor will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The lender, holder or guarantor must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter repayment on the loan within 30 days. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

**XII. Disability or Death** If I become totally and permanently disabled, or if I die, my obligation to pay any amount on this loan will be cancelled.

**XIII. Refinancing Options** The following are three refinancing options which may be available to me: A) Refinancing to Secure Combined Repayment: A lender holding my SLS loan(s) may consolidate those loans to allow me to make a single monthly payment of principal and interest. B) Refinancing to Secure a Variable Interest Rate: A lender holding my SLS Loan(s) may release my loan(s) at a variable interest rate. This interest rate, which will change annually may not exceed 12 percent. C) Refinancing to Discharge Previous Loans: If a lender holding my SLS Loan(s) denies me the option of refinancing to secure a variable interest rate (Option B), I may apply to another lender to refinance my SLS Loan(s) at a variable interest rate. If I use one of these refinancing options, the refinancing lender will disclose to me the repayment terms and the amount of any charges applicable to each option.

**XIV. Transfer of Loan To Subsequent Holder.** Under the conditions set forth in Federal and State regulations governing the SLS Program, this loan may be transferred to a holder other than the original lender. If such a transfer takes place, I will have the same rights and responsibilities with regard to the subsequent holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State and a subsequent holder of the Promissory Note cannot be a holder in due course.

**BORROWER CERTIFICATION:**

I declare under penalty of perjury under the laws of the United States of America the following is true and correct. I the borrower, certify that all information contained in my application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I might attend to release to the lending institution, subsequent holder, Florida Department of Education, U.S. Department of Education or their agents, any requested information pertinent to this loan (e.g.: employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period at the school covered by this application. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that school for the loan period covered by this application. I certify that the total amount of loans received under the SUPPLEMENTAL LOANS FOR STUDENTS (SLS) Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, Supplemental Educational

Opportunity Grant, State Student Incentive Grant, or Byrd Scholarship and am not now in default on a Perkins Loan (formerly National Direct Student Loan), a Stafford Loan, a Federally Insured Student Loan, a PLUS Loan, a Supplemental Loan for Students, a Consolidation Loan, or an Income Contingent Loan. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school. I have read and understand the provisions for deferment of repayment provided in the Application Booklet. I have read and understand the "Statement of Rights and Responsibilities" supplied with this application. I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my lender, my school, my loan amount (as determined by my lender), the fee amounts, grace period and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

**SCHOOL CERTIFICATION:**

I certify that the student named in Section I is accepted for enrollment, or is enrolled as at least a half-time student and is maintaining satisfactory progress in a program determined to be eligible for the SLS Loan Program. I further certify that the student is eligible for the Stafford Loan Program based on all applicable provisions of federal law and regulations. I further certify that the disbursement schedule, applicable to the loan applied for and provided by this institution, complies with the requirements of the Higher Education Act of 1965, as amended. I further certify that, based upon records available at this institution and due inquiry of the student, the student has satisfied the requirements under the Selective Service

Act necessary to receive financial aid, is not in default on any loan made under a Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of the Florida Department of Education in the administration of this loan. The information provided in Section(s) I and II and this School Certification are true, complete, and correct to the best of my knowledge and belief.

**NOTICE TO BORROWER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CONDITIONS.**

*[Stamped/handwritten overlay at top left:]* ALL RIGHT, TITLE AND INTEREST OF THE UNDERSIGNED IS HEREBY ASSIGNED (WITHOUT WARRANTY EXCEPT THAT THE NOTE QUALIFIES FOR INSURANCE) TO THE OFFICE OF STUDENT FINANCIAL ASSISTANCE

BY [signature] DATE 11/16/93

STUDENT LOAN MARKETING ASSOCIATION

*[Vertical text right margin:]* Documents will be retained in portfolio — Poor Quality Original

*[Stamp:]* RECEIVED JAN 2 3 1992 SLS STAMP?

# APPLICATION/PROMISSORY NOTE — FLORIDA SUPPLEMENTAL LOANS FOR STUDENTS (SLS)

TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1097.

## SECTION I — TO BE COMPLETED BY STUDENT • READ THE INSTRUCTIONS CAREFULLY

| 1. Social Security Number | 2. Last Name (Please Print) BOURDEAU | | First ANDREW | Middle |
|---|---|---|---|---|

| 3. Birth Date Mo. Day Yr. | 4. Permanent Home Street Address |
|---|---|

| 5. Area Code-Phone No. for Item 4. ( ) | City | | State FL | Zip Code |
|---|---|---|---|---|

| 6. U.S. Citizenship Status ☒ (a) U.S. Citizen or National ☐ (b) Eligible Non-Citizen | Alien Registration No. | 7. Permanent Resident of: FLORIDA (State Name) | Since 03 Mo. | 73 Yr. | 8. Type of Borrower (check one): ☐ Dependent Undergraduate ☐ Graduate & Professional ☒ Independent Undergraduate |
|---|---|---|---|---|---|

| 9. Have you ever defaulted on a federal education loan, or do you owe a refund on any federal educational grant? ☐ Yes ☒ No If yes, give details on a separate sheet of paper including what arrangements have been made, if any, to repay this debt. | 10. Do you have an outstanding SLS or ALAS loan? ☐ Yes ☒ No If yes, list Total Amount Owed SLS and ALAS? $ .00 |
|---|---|

11. Enter the following information on the most recent SLS loan you have received:

| Name of Lender | City and State of Lender | From | To | Loan Period (Mo./Yr.) | Unpaid Balance $ .00 |
|---|---|---|---|---|---|

12. REFERENCE REQUIREMENT — All references must be in the United States and be at different addresses.

| A. Name Lorraine Caldwell | B. ☐ Other Parent must be different than that in part A | ☐ Other Adult relative |
|---|---|---|
| B. Peter Bourdeau | | Employer Self-Employed |
| C. Andy Buscemi | | Orange Lake |

| 13. Enrollment Period Covered by This Loan. From 11/91 MO YR To 08/92 MO YR | 14. Intended Enrollment Status ☒ Full Time ☐ Half-Time but Less Than Full Time | 15. Name of Lender Who Will Process this Loan Chase Manhattan |
|---|---|---|

## PROMISSORY NOTE

**I.** Promise To Pay - I, the undersigned borrower, identified above, PROMISE TO PAY to the order of my lender or to a subsequent holder of this Promissory Note, the principal sum of

| 16. $ 775 .00 Requested Loan Amount - Must Be Numeric |
|---|

or amount advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest and any other charges which may become due as provided for in this Note. My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "BORROWER CERTIFICATION" on the reverse side of this note.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE AGREED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

☒ IF I AM A QUALIFIED SLS BORROWER, I REQUEST DEFERMENT OF REPAYMENT FOR THE ACADEMIC PERIOD COVERED BY THIS LOAN.

17. SIGNATURE OF BORROWER _Andrew Bourdeau_ DATE 1/20/92

NOTICE TO BORROWER: Terms of the Promissory Note continue on the reverse side.

| 18. SIGNATURE OF ENDORSER (LENDER OPTION) | DATE |
|---|---|
| Street Address | S.S.N. |
| City | State | Zip | Phone ( ) |

## SECTION II — TO BE COMPLETED BY THE SCHOOL

| 19. School Code 022187 | 20. Name and Address of School Florida Technical College 1819 N. Semoran Blvd. Orlando, FL 32807 | 21. Area Code/ Phone Number (407)678-5600 | 27. Estimated Cost of Attendance $ 14466 .00 |
|---|---|---|---|
| 22. Grade Level 1 | | 26. Dependency Status ☐ Dependent ☒ Independent | 28. Estimated Financial Aid $ 5025 .00 |
| | | | 29. Difference (Item 27 less item 28) $ 9441 .00 |

| 23. Anticipated Completion Date 10/93 Mo. Yr. | 24. Beginning date of Second Term covered by loan period 03 02 92 Mo. Day Yr. | 25. Loan Period From 11 25 91 To 08 22 92 Mo. Day Yr. Mo. Day Yr. | 30. Disbursement Schedule |
|---|---|---|---|

| | Mo. | Day | Yr. | Amount |
|---|---|---|---|---|
| 1. | 01 | 27 | 92 | $ 259 .00 |
| 2. | 02 | 24 | 92 | $ 258 .00 |
| 3. | 05 | 25 | 92 | $ 258 .00 |
| 4. | | | | $ .00 |

| 31. Signature and Title of Authorized School Official _Lynn M. Borges_ Lynn M. Borges, Financial Aid Director | Date 01/22/92 | Total of Disbursements $ 775 .00 |
|---|---|---|

My signature above certifies that I have read and agree to the "Educational Institution Certification" printed on the reverse of this application.

## SECTION III — TO BE COMPLETED BY THE LENDER

| 32. Lender Code 807807 | 33. Area Code/Phone No. | 34. Disbursement Dates |
|---|---|---|

| | Mo. | Day | Yr. | Amounts |
|---|---|---|---|---|
| 1. | 1 | 30 | 92 | $ 259 .00 |
| 2. | 2 | 24 | 92 | $ 258 .00 |
| 3. | 5 | 25 | 92 | $ 258 .00 |
| 4. | | | | $ .00 |

35. Name and Address of Lender _Chase_ 26-22-10

| 36. Signature and Title of Authorized Lending Official _Betty Black_ Loan Analyst | Date 1/30/92 | TOTAL AMOUNT LENDER APPROVES $ 775 .00 |
|---|---|---|

SLS Standard Form 1/650

LENDER COPY

## Additional Terms of the Promissory Note for a Stafford Lo[an]

**II. Date Note Comes Due** I will repay this loan: 1) in periodic installments during a repayment period that will begin (to determine the date of the grace period; or 2) in full immediately if I fail to enroll at school at the school which certified my application for the academic period intended (this loan will also be eligible for a grace period), My grace period is that period of time which begins when either I leave school or stop carrying at an eligible school, at least one-half the formal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier. My due date will be indicated on the Repayment Schedule.

**III. Interest** (1) I agree to pay an amount equivalent to simple interest as specified in (4) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) I agree that the Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Stafford Loan Program (formerly Guaranteed Student Loans (GSL)). In the event ... the applicable interest rate on this loan will be 8%. (d) if I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding balance on any Stafford Loan, PLUS, or SLS made for enrollment period(s) beginning before that date (the Consolidation loan(s) which repaid loans for enrollment period(s) beginning before that date), the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status, and will be 10% beginning with the fifth year of my repayment status. (5) The applicable interest rate (a) until the end of the fourth year of my repayment status, including the fifth year of my repayment status, will be identified on my Notice of Loan Guarantee and Disclosure Statement. (6) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or holder of this note may add accrued unpaid interest to the unpaid balance (capitalization) of this loan in accordance with State and Federal Regulations governing the Stafford Loan Program.

**IV. Origination and Guarantee Fees** I will pay to the lender an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. The rate and amount of the origination fee will be identified to me in the Notice of Loan Guarantee and Disclosure Statement. The lender deducts this fee from the principal amount of the loan. If the lender disburses the loan in multiple installments, the lender will deduct this fee from the principal amount of each disbursement. I will pay to the lender an amount equal to the premium that the lender is required to pay the Florida Department of Education in order to obtain insurance coverage on this loan. The rate and amount of the guarantee fee will be identified to me in the Notice of Loan Guarantee and Disclosure Statement. The lender will withhold this fee from the principal amount of the loan. If the lender disburses the loan in multiple installments, the lender will deduct the fee from the principal amount of each disbursement.

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure my default) if: 1) any payment has not reached you within the number of days after it is due as specified on the Repayment Schedule, or if I fail to meet the terms of the Application Promissory Note under circumstances where you find it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that my failure persists for (a) 180 days if I pay in monthly installments; or (b) 240 days if I repay in less frequent installments; or (2) I fail to notify you of a change in my name, address or school enrollment status within 10 days; or 3) I break any of my other promises under this agreement; or 4) I make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking or of savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default on this loan: 1) The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable; 2) The lender, holder, or Florida Department of Education may disclose to schools I have attended (or am currently attending) information about the default; 3) I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loans (formerly ...

**VI. Late Charges and Collection Costs** I agree to pay the following amounts if delinquent in making payments when due or if this Promissory Note is declared in default; 1) A late charge not to exceed 6 cents for each dollar of any installment payment not received by the lender within ten (10) days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Paragraph VIII of this Promissory Note; 2) Costs that are permitted by Federal and State laws and are necessary for collection of any overdue amount. The costs may include attorney's fees, court costs, and costs of telegrams and long-distance telephone calls; 3) Collection costs which do not exceed 25 percent of the unpaid principal and accrued interest if this loan is referred for collection to an ...

**VII. Additional Agreements** The proceeds of this loan will be used only for educational expenses. By certifying my application. 2) Any notice required to be ... Your failure to enforce or insist that I comply with any term of this Note is not a waiver of any of the terms of the Promissory Note and can be validly amended except in a writing of the Florida Department of Education is required under its guarantee to repay my loan(s) because I have ... in such event, the loan(s) described in this Note and any my rights against me, 6) I unable to make the scheduled payments because of hardship, I may be eligible for forbearance to be placed in the deferred payment or regulations at the discretion of the lender on the agreement or the loan(s) of this Note. I and I or any other owner identified in the application. YOU, your and yours mean the lender and any other owner of this note.

**VIII. Deferment** I am entitled to deferments under the Higher Education Act of 1965, as amended and the regulations. I must request the deferment and provide you with all information required to establish my eligibility. I understand that I must notify you when the condition that qualified me for the deferment no longer exists.

**IX. Repayment** I will repay the total amount due on this Promissory Note in periodic installments, with interest at the rate indicated in Interest, Paragraph III, on the unpaid balance from the due date of this Promissory Note until this loan is paid in full. Prior to the due date of this Promissory Note, you will need to me a Repayment Schedule which shows the particular repayment terms, including the beginning due date, that will become part of this Promissory Note. The Repayment Schedule may include all loans I have received from you under the Florida Stafford Loan Program. The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due. Any period described under Paragraph VIII, Deferment or any period for which the lender has granted forbearance will not be included in determining the 5 and 10 year periods mentioned above. At my option I may agree to a repayment period that is shorter than 5 years. I may at a later time have the repayment period extended so that the total repayment period is not less than 5 years, provided, my total payments for any year of the repayment period on all my loans under the Stafford Loan Program, the PLUS Program, or the Supplemental Loans for Students Program, under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations, If I default on this loan, the lender, holder, or guarantor will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The lender, holder, or guarantor must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter repayment on the loan within 30 days. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

**XII. Disability or Death** If I become totally and permanently disabled, or if I die, my obligation to pay an amount on this loan will be cancelled.

---

### BORROWER CERTIFICATION:

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I the borrower, certify that the information contained in this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I might attend to release to the lending institution, subsequent holder, Florida Department of Education, U.S. Department of Education or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period at the school covered by this application and that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that school for the loan period covered by this application. I certify that the total amount of loans received under the Stafford Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed

allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, Supplemental Educational Opportunity Grant, State Student Incentive Grant, or Byrd Scholarship and am not now in default on a Perkins Loan (formerly National Direct Student Loan), a Stafford Loan, a Federally Insured Student Loan, a PLUS Loan, a Supplemental Loan for Students, a Consolidation Loan, or an Income Contingent Loan. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school. I have read and understood the "Statement of Rights and Responsibilities" supplied with this application. I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my lender, my school, my loan amount (as determined by my lender), the fee amounts, grace period, and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

### EDUCATIONAL INSTITUTION CERTIFICATION

I hereby certify that the student named in Section I is accepted for enrollment, or is enrolled as at least a half-time student and is maintaining satisfactory progress in a program determined to be eligible by the Florida Department of Education. I further certify that the student is eligible for the Stafford Loan Program based on all applicable provisions of federal law and regulations. I further certify that the disbursement schedule, applicable to the loan applied for and provided by this Institution, complies with the requirements of the Higher Education Act of 1965, as amended. I further certify that, based upon records available at this institution and due inquiry of the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under a Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of the Florida Department of Education in the administration of this loan. The information provided in Section I and II and this School Certification are true, complete, and correct to the best of my knowledge and belief.

Poor Source Original
Documents will be retained in portfolio

ALL RIGHT, TITLE AND INTEREST OF CITIZENS ... HEREBY ASSIGNED TO THE STUDENT LOAN MARKETING ASSOCIATION WITHOUT ...

STUDENT LOAN MARKETING ASSOCIATION

BEST COPY AVAILABLE
AT TIME OF IMAGING

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.: 8:15-CV-1852-T-35AEP

UNITED STATES OF AMERICA,                    )
                                             )
            Plaintiff,                       )
                                             )      **PLAINTIFF UNITED STATES**
vs.                                          )      **STATEMENT OF MATERIAL FACTS**
                                             )      **PURSUANT TO LOCAL RULE 7.5**
ANDREW P. BOURDEAU,                          )
                                             )
            Defendant.                       )
_____         )

      Plaintiff, United States of America, by and through the undersigned Private Counsel for the

MIDDLE DISTRICT OF FLORIDA, submits, pursuant to Rule 7.5 of the Local Rules of the

MIDDLE DISTRICT OF FLORIDA, this statement of material facts as to which Plaintiff contends

there is no issue to be tried.

      1.     Defendant, Andrew P. Bourdeau, obtained student loans in the amount of

$742.25 for Account No. 2011A68355 and $2,804.51 for Account No. 2011A68353 from the U.S.

Department of Education for the cost of his education. The holder demanded payment according to

the terms of the promissory note, and credited $0.00 to the principal owed.

      2.     The Note bore a variable interest rate to be established annually beginning

April 3, 1993 when Defendant defaulted on his payment obligation.

      3.     Defendant's loan was made under loan guarantee programs authorized under

Title IV-B, of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part

682)

      4.     A total of $9.91 in credits and/or payments including Treasury Department

Offsets for Account No. 2011A68355 and $40.09 in credits and/or payments including Treasury

Department Offsets for Account No. 2011A68353, were applied to the defendant's account since the

loans were assigned to the Department of Education.

5.      The government claims a balance on the Note in the following totals:

| Claim number | Interest rate | Principal | Interest | Total |
|---|---|---|---|---|
| 2011A68355 | 3.54% | $742.25 | $933.00 | $1,675.25 |
| 2011A68353 | 8.00% | $2,804.51 | $4,885.27 | $7,689.78 |
| **Sub Total** | | **$3,546.76** | **$5,818.27** | **$9,365.03** |
| Attorney Fees | | | | $980.00 |
| Service and Travel | | | | $85.00 |
| **Total** | | | | **$10,430.03** |

Respectfully submitted,

By: _____
    Steven M. Davis, (Florida Bar No. 894249)
    Email: sdavis@becker-poliakoff.com
    Becker & Poliakoff, P.A.
    121 Alhambra Plaza, 10th Floor
    Coral Gables, FL 33134
    Telephone: (305)262-4433
    Facsimile: (305) 442-2232
    Attorneys for Plaintiff United States of America

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Regular US Mail on _21_ day of December, 2015 to Andrew P. Bourdeau, 2601 Holly Hill Grove Road, Davenport, FL 33837.

_____
Steven M. Davis, Esq.

ACTIVE: U06092/093890:7930289_1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO. 8:15-CV-1852-T-35AEP

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
      v.                         )
                                 )
ANDREW P. BOURDEAU,              )
                                 )        **FINAL SUMMARY JUDGMENT**
            Defendant.           )
_____)

This matter having come before the Court upon Plaintiff, United States of America's Motion

for Entry of Final Summary Judgment against Defendant, Andrew P. Bourdeau and the Court having

reviewed the pleadings submitted on behalf of the Plaintiff and for good cause shown, it is hereby

ORDERED AND ADJUDGED that judgment is hereby entered in favor of Plaintiff, the

United States of America, and against defendant, Andrew P. Bourdeau, upon the Complaint herein,

and it is further

ORDERED AND ADJUDGED that Plaintiff recovers of the defendant, Andrew P. Bourdeau

the following sums, for all of which sums let execution issue:

| Claim number | Interest rate | Principal | Interest | Total |
|---|---|---|---|---|
| 2011A68355 | 3.54% | $742.25 | $933.00 | $1,675.25 |
| 2011A68353 | 8.00% | $2,804.51 | $4,885.27 | $7,689.78 |
| **Sub Total** | | **$3,546.76** | **$5,818.27** | **$9,365.03** |
| Attorney Fees | | | | $980.00 |
| Service and Travel | | | | $85.00 |
| **Total** | | | | **$10,430.03** |

The Government is entitled to attorney's fees under the Higher Education Act of 1965, 20 U.S.C §1071 et seq., (the "Act"). The Act provides that in addition to the terms of any promissory note, "a borrower who has defaulted on a [student] loan shall be required to pay... reasonable collection costs." 20 U.S.C §1091a(b)(1).; United States v. Vilus, 419 F. Supp.2d 293, 296-97(E.D.N.Y. 2005). One of the statute's implementing regulations specifies that "[i]f a borrower defaults... the Secretary [i.e., the Government] assesses collection costs on the basis of 34 C.F.R 30.60." 34 C.F.R. § 682. In turn, 34 C.F.R. § 3060 provides that the Government "may charge a debtor for the costs associated with the collection of a particular debt [i.e., a defaulted student loan]. These costs include...[c]ourt costs and attorney fees." 34 C.F.R § 30.60(a)(8). for all of which sums let execution issue. It is further

ORDERED AND ADJUDGED that this judgment shall bear interest at the rate as prescribed by 28 U.S.C. § 1961, and shall be enforceable as prescribed by 28 U.S.C. §2001, et seq., 28 U.S.C. §3001-3307, and Rule 69(a), Federal Rules of Civil Procedure. Plaintiff's address is: Becker & Poliakoff P.A., 121 Alhambra Plaza 10th Floor, Coral Gables, FL 33134 and U.S. Department of Education 50 Beale St., Suite 8601 San Francisco, CA 94105. Defendant's address is: 311 SW 80 Avenue, Miami, FL 33144.. Defendant's address is: Andrew P. Bourdeau, 2601 Holly Hill Grove Road, Davenport, FL 33837.

DONE AND ORDERED in Chambers, in _____, FL, this ____ day of _____, 2015.

_____
**JUDGE MARY S. SCRIVEN**
**UNITED STATES DISTRICT JUDGE**

cc:   Steven M. Davis, Esq.(Two Certified Copies)
      Andrew P. Bourdeau

ACTIVE: 7930257_1